# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL S. BURKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-18-984-D |
| ) | |
| 1) CITY OF OKLAHOMA CITY, ) | |
|    a municipal corporation, ) | |
| 2) JOSHUA NORTON, an individual, and ) | |
| 3) JASON SAMUELS, an individual, ) | |
| ) | |
| Defendants. ) | |

## SECOND AMENDED COMPLAINT

COMES NOW the Plaintiff, Michael S. Burke (hereinafter "Burke"), and for his causes of action against the City of Oklahoma City (hereinafter the "City"), Joshua Norton, (hereinafter "Norton") and Jason Samuels (hereinafter "Samuels"), as individuals, collectively referred to as the "Individual Defendants"), alleges and states as follows:

1. Burke is a resident of the city of Oklahoma City, Oklahoma County, state of Oklahoma.

2. Norton and Samuels are residents of the state of Oklahoma. Norton and Samuels are, and at all times pertinent herein were, police officers for the City of Oklahoma City. At all pertinent times mentioned herein, Norton and Samuels were acting under the color and pretenses of the statutes, ordinances, regulations, customs, and usages of the state of Oklahoma, the city of Oklahoma City, Oklahoma, and under the authority of their office as police officers of Oklahoma City.

3. Defendant City is a municipal corporation organized and existing under the

laws of the state of Oklahoma.

4. This action arises under the United States Constitution, particularly under the provisions of the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States, and under Federal law, particularly the Civil Rights Act, Title 42 U.S.C. § 1983.

5. On or about April 5, 2017, Burke was attending a Thunder basketball game and was visiting with two women, at least one of which was the daughter of Defendant Samuels, a Captain in the Department, at a table located in the Bank of Oklahoma suite at the Chesapeake Arena. At approximately 8:30 pm, Burke was approached and accosted by off-duty Captain Samuels, who proceeded to accuse Burke of harassing the women, and arrested him. Burke was frisked, searched, and handcuffed by Captain Samuels, assisted by Officer Norton. A short while later, Norton, along with another unknown officer, escorted Burke downstairs and outside the arena, to await transport to an alcohol and drug center, commonly referred to as "Detox". Norton called 911 on his cellphone to request transportation of Burke by OCPD, to Detox. The officers placed Burke against a concrete retaining wall, after which he was pushed, and/or allowed to fall to the ground whereby he was injured, including several injured ribs and various cuts and contusions. When Burke asked to be taken to a medical facility for his injuries, Norton and the other officer ignored his complaints and refused, and took him instead to Detox. Later, the staff at Detox recognized the seriousness of Burke's injuries, and called an ambulance, who transported Mr. Burke to the emergency room, where he was treated, which resulted in over $20,000.00 in medical bills.

6. Neither Norton or Samuels filed any kind of report or documentation

regarding the underlying basis for Burke's arrest, the arrest itself, the decision to take Burke to Detox, the assault by the officers or their negligence in allowing Burke to become seriously injured while supposedly in "protective" custody, or the transport to Detox by an on-duty officer.

7.     It is the policy of the Oklahoma City Police Department for Officers to NOT document or report the arrest and transport of citizens to Detox, including in this case when the arrestee is injured as a result of officer assault and/or negligence.  This deficient policy protects the identity of police officers who violate civil rights.  In this case, there is no document or report that identified the off-duty officer who initially arrested Burke, as well as the unknown officer whose custody Burke was in when he was seriously injured.

8.     Burke has fully complied with the Oklahoma Governmental Tort Claims Act, Title 51 O.S. §151 *et. seq.*, by serving a Notice of Tort Claim on the City Clerk of Oklahoma City on March 14, 2018, within one year of the alleged incident.  No action was taken on the claim so it was deemed denied on June 12, 2018, and this action was timely filed.

**COUNT I**

**<u>VIOLATION OF CIVIL RIGHTS AGAINST INDIVIDUAL DEFENDANTS</u>**

Burke realleges, reaffirms and reincorporates paragraphs 1 through 8 above as if fully contained herein.

9.     Individual Defendants Norton and Samuels, off-duty but still acting under color of law and color of their authority as  police officers for the City, arrested Burke without legal or factual cause, used excessive and unnecessary physical force on Burke, failed to protect Burke from unnecessary harm after he was arrested, failed to provide

requested medical treatment after Burke was injured, all of which caused Burke physical and mental injury.

10. The conduct of the Individual Defendants deprived Burke of the following rights, privileges, and immunities secured to him by the Constitution of the United States:

    a. The right of Plaintiff to be secure in his person against unreasonable seizure under the Fourth Amendment to the Constitution of the United States; and

    b. The right of Plaintiff to be secure in his person and effects from infliction of cruel and unusual punishment in the form of excessive force and failure to provide prompt medical care under the Eighth Amendment to the Constitution of the United States; and

    c. The right of Plaintiff not to be deprived of life, liberty, or property without due process of law, and the right to equal protection of the laws secured by the Fourteenth Amendment to the Constitution of the United States.

11. The acts of the Defendants were performed knowingly, intentionally, and maliciously, or in the alternative, negligently.

WHEREFORE, Burke requests this Court to award judgment for actual damages, attorney's fees, prejudgment interest, costs and punitive damages in an amount necessary to punish these Defendants and deter others from similar conduct, and such other and further relief as is deemed proper and necessary.

## **VIOLATION OF CIVIL RIGHTS AGAINST THE CITY**

Burke realleges, reaffirms and reincorporates paragraphs 1 through 11 above as if fully contained herein.

12. The City's policy allowing officers to avoid all documentation of the report of the arrest and transport of citizens to Detox, including in this case when the arrestee is injured as a result of officer assault and/or negligence, protects the identity of police officers who violate civil rights, and acts as a bar to Burke's meaningful access to the Courts, guaranteed by the Constitution. In this case, there is no document or report that identified the off-duty officer who initially arrested Burke, (who is now believed to be Defendant Samuels), or the other officers involved whose custody Burke was in when he was seriously injured.

13. The City's policy, or custom of encouraging officers to NOT document arrests, detentions, accidents, injuries, and transports, constitutes a municipal policy, custom, usage, or practice which violates civil rights. The City's policy also acts as a bar to citizen's constitutional right of meaningful access to the Courts.

14. The conduct of the City deprived Burke of the following rights, privileges, and immunities secured to him by the Constitution of the United States:

    a. The right of Plaintiff to be secure in his person against unreasonable seizure under the Fourth Amendment to the Constitution of the United States; and

    b. The right of Plaintiff to be secure in his person and effects from infliction of cruel and unusual punishment in the form of excessive force and failure to provide prompt medical care under the Eighth

Amendment to the Constitution of the United States; and

c. The right of Plaintiff not to be deprived of life, liberty, or property without due process of law, and the right to equal protection of the laws secured by the Fourteenth Amendment to the Constitution of the United States.

WHEREFORE, Burke requests this Court to award judgment for actual damages, attorney's fees, prejudgment interest, and costs, injunctive relief, and such other and further relief as is deemed proper and necessary.

### COUNT III.

### NEGLIGENCE AGAINST ALL DEFENDANTS

Burke realleges, reaffirms and reincorporates paragraphs 1 through 14 above as if fully contained herein.

15. The City had a duty to Burke and all those persons who may have reason to come into contact with the officers and employees of the City, to properly select its police officers and to properly train them as to the laws of the municipality, the state of Oklahoma, the United States, along with the correct procedures and policies of the City as its police force. Further, the City had a duty to require its officers to properly document arrests, detentions, assaults, accidents, injuries, and transports.

16. Defendant City breached its duty to Burke and others including, but not limited to, the following particulars:

a. failure to select and employ qualified officers and employees; and

b. failure to terminate the employment of substandard and dangerous

  officers and employees when put on notice of those employees' deficiencies; and

 c. failure to properly train its police officers on the righteous boundaries of their police powers; and

 d. failure to properly train its officers and employees as to proper arrest techniques and policy.

 e. Failure to have policies and procedures which require the reporting of violations of civil rights related to arrests, detentions, assaults, accidents, injuries, and transports.

 f. Failure to protect a handcuffed detainee from injury while in custody.

17. The Defendants' breach of duty was the proximate cause of Burke's damages, as outlined herein.

WHEREFORE, Burke requests this Court to award judgment for actual damages, attorney's fees, prejudgment interest, costs and punitive damages (against the Individual Defendants) in an amount necessary to punish those Defendants and deter others from similar conduct, injunctive relief, and such other and further relief as is deemed proper and necessary.

  Respectfully submitted,

  *s/ Jerry L. Colclazier*
  Jerry L. Colclazier, OBA #13814
  COLCLAZIER & ASSOCIATES
  404 North Main Street
  Seminole, OK 74868
  Telephone: (405) 382-1212
  Facsimile: (405) 382-1214

  ATTORNEY FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

     I certify that on the _____ day of May, 2019, I electronically transmitted the above and foregoing instrument to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant:

    *Richard C. Smith*
    *Sherri R. Katz*
    Assistant Municipal Counselors
    City of Oklahoma City
    200 N. Walker, Suite 400
    Oklahoma City, OK 73102

                                          *s/ Jerry L. Colclazier*
                                          Jerry L. Colclazier