## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

MICHAEL S. BURKE, )
 )
    Plaintiff, )
 )
v. ) Case No. CIV-18-984-D
 )
CITY OF OKLAHOMA CITY, *et al.*, )
 )
    Defendants. )

## DEFENDANT CITY OF OKLAHOMA CITY'S OBJECTION TO PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT

**COMES NOW** a Defendant, the City of Oklahoma City ("City"), and for its Objection to Plaintiff's Motion to File Second Amended Complaint [Doc. 21], states as follows:

1. On August 31, 2018, Plaintiff filed his Petition in the District Court of Oklahoma County, alleging violation of his civil rights by John Does 1-3, and alleging negligence by the City of Oklahoma City. Defendant City removed the case to this Court on October 8, 2018. See Notice of Removal [Doc. 1].

2. On October 9, 2018, Defendant City filed its Motion to Dismiss [Doc. 6]. Plaintiff filed a Response and a Motion for Leave to File First Amended Complaint on October 26, 2018 [Docs. 7 and 8]. This Court granted Plaintiff's Motion for Leave on November 5, 2018 [Doc. 9], and on November 6, 2018, Plaintiff filed his Amended Complaint [Doc. 10].

3. On February 5, 2019, the parties appeared before this Court at a Scheduling Conference. The Court entered a Scheduling Order on February 5, 2019, setting deadlines in this case. [Doc. 17].

4. According to the Scheduling Order, Motions to amend pleadings were to be filed within 60 days of the Scheduling Order. Therefore, the deadline to file motions to amend pleadings was April 6, 2019.

5. On April 2, 2019, Plaintiff filed his Application for Extension of Time to Join Additional Parties [Doc. 19]. In this Application, Plaintiff requested an additional thirty days to join additional parties, or until May 6, 2019. Defendant City did not object to an additional thirty days **to join additional parties**, which was reflected in ¶4 of Plaintiff's Application.

6. This Court granted Plaintiff's Application for Extension of Time to Join Additional Parties by Order entered on April 9, 2019 [Doc. 20]. In this Order, the Court granted Plaintiff until May 6, 2019 to "file a motion to join additional parties." Nothing in Plaintiff's Application [Doc. 19] or this Court's Order [Doc. 20] granted Plaintiff additional time to amend pleadings or assert any additional causes of action against Defendant City, as this was not requested by Plaintiff. Therefore, the deadline of April 6, 2019, to amend pleadings has come and gone.

7. On May 1, 2019, Plaintiff filed Plaintiff's Motion to File Second Amended Complaint [Doc. 21]. In this Motion, Plaintiff requests to file his Second Amended Complaint to name two additional defendants and to "add a cause of action against the

City." See [Doc. 21]. In this Second Amended Complaint, Plaintiff asserts a new cause of action in Count I against the City for violation of Plaintiff's Civil Rights. Plaintiff has never asked the Court for an extension of the April 6, 2019 deadline for Plaintiff to file a motion to amend pleadings.

8. Further, Plaintiff did not contact counsel for Defendant City prior to filing his Motion to File Second Amended Complaint as required by LCvR 15.1. Consequently, Plaintiff conveniently omits any reference to contacting counsel for Defendant City in his Motion, therefore also conveniently failing to advise this Court of Defendant City's position on his Motion.

9. Defendant City **does not** object to the portion of Plaintiff's Motion to File Second Amended Complaint which requests permission to name two additional defendants. This Court has already granted this request by its Order on April 9, 2019 [Doc. 20], which clearly noted that Defendant City was unopposed.

10. Defendant City **does object** to Plaintiff's Motion to File Second Amended Complaint which requests permission to add a cause of action against Defendant City, as this request is untimely pursuant to the Court's Scheduling Order, Plaintiff has not requested any extension of the April 6th deadline to file his motion to amend pleadings, Plaintiff did not comply with the local rules' mandatory requirement to state whether any party objects to the motion, the amendment would be futile, and the amendment would be prejudicial to Defendant City.

## THE COURT SHOULD DENY PLAINTIFF'S
## MOTION TO FILE SECOND AMENDED COMPLAINT

### A.     Undue Delay and Failure to Abide by LCvR 15.1.

Plaintiff's Motion to File Second Amended Complaint does not seek an extension of the Court's deadline of April 6, 2019 for motions to amend pleadings, and was in fact filed **after** the Court's April 6, 2019 deadline. It is well recognized that the "decision to grant leave to amend a Complaint, after the permissive period, is within the trial court's discretion. *Woolsey v. Marion Labs Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991)(citing Fed. R. Civ. P. 15(a)).

Untimeliness alone is sufficient reason to deny leave to amend the complaint, especially if plaintiff fails to offer an explanation for the delay. *Frank v. U.S. West Inc.*, 3 F.3d 1357 (10th Cir. 1993). Furthermore, where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based, but fails to include them in the original complaint, the motion to amend is subject to denial. *Id.*

In *Combs v. Pricewaterhousecoopers LLP*, 382 F.3d 1196, 1204-1206 (10th Cir. 2004), the Court affirmed the denial of a Motion to Amend based upon undue delay and the amendment was not based upon new evidence. In the present case, Plaintiff did ask for an extension of the deadline to add new parties, stating that he needed additional time to conduct deposition discovery to learn the identity of the police officers who allegedly injured the Plaintiff. Plaintiff never asked for an extension to amend the pleadings, and it is the City's position that Plaintiff knew the *actions* taken by any OCPD officer, whether on or off duty, even if he did not know the *identity* of each particular officer.

4

The new cause of action which Plaintiff now seeks to assert against the City is not based upon new evidence. Further, Plaintiff did not contact counsel for the City prior to filing his Motion to File Second Amended Complaint to obtain Defendant City's position regarding whether City was opposed or unopposed to his request to add a cause of action against the City. This is presumably because Plaintiff knew the City would oppose his request. But by failing to contact counsel for the City, Plaintiff is in violation of LCvR 15.1 which requires that Plaintiff's motion "**shall** state: (1) the deadline date established by the scheduling order, if any, and (2) whether any other party objects to the motion." LCvR 15.1 (emphasis added).

In *Graphic Technologies, Inc.,* 998 F.Supp. 1174 (D. Kan. 1998), the court denied plaintiff's motion for leave to amend complaint because the Plaintiff's motion was untimely, and because the court found that plaintiff "knew or should have known of the facts upon which its proposed amendments are based." *Id.* At 1182. Again, Plaintiff knew of any actions of Defendant City prior to this Court's deadline to amend pleadings, even if Plaintiff may not have known the identity of the police officers involved.

Because Plaintiff (1) failed to advise this Court that the deadline to amend pleadings was April 6, 2019, (2) failed to seek an extension of the April 6th deadline prior to the expiration of the deadline, (3) has failed to show good cause for belatedly attempting to amend his complaint to add a cause of action against the City, and (4) failed to advise this Court the Defendant City's position on the motion because Plaintiff never sought the City's

5

position, the Court should deny Plaintiff's attempt to add a cause of action against the City in Plaintiff's proposed Second Amended Complaint.

**B. Frivolous and Futility**

In *Coleman v. Ramada Hotel Operating Co.*, 933 F.2d 470 (7th Cir. 1991), the Court held that justice did not require that a plaintiff be granted leave to file a frivolous amended complaint. Plaintiff's proposed second amended complaint, which adds a cause of action against the City for alleged violations of Plaintiff's civil rights, is frivolous – it adds nothing new to support his claim that being taken into protective custody and taken to the Public Inebriate Alternative facility, aka Detox, was unreasonable.

In *Anderson v. Suiters*, 499 F.3d 1228 (10th Cir. 2007), the Court held a District Court may refuse to grant leave to amend a complaint if the amendment would be futile or cause undue delay. Plaintiff has known that the City has asserted compliance with 43A O.S. §3-428, regarding the taking of a person into protective custody and taking them to the Public Inebriate Alternative facility since the City submitted responses to Plaintiff's discovery requests on January 9, 2019. See City's Response to Plaintiff's RFP, attached as Exhibit 1. City advised Plaintiff, in response to a Request for Production, that according to subparagraph (B)(3) of said statute, no report shall be made that the person was arrested or charged with a crime, and that pursuant to OCPD Procedure 150.01, if an officer uses force off duty, the employee is supposed to advise an on-duty supervisor.

In his proposed Second Amended Complaint, Plaintiff alleges violation of his civil rights by the City's policy allowing officers to avoid all documentation of the report of the

6

arrest and transport of citizens to Detox. By this new allegation against the City, Plaintiff misrepresents the Oklahoma statute that requires "no report shall be made that the person was arrested or charged with a crime" and misrepresents the OCPD Procedure 150.01, that if an officer uses force off duty, the employee is supposed to advise an on-duty supervisor (and a use of force investigation will be done). Plaintiff's counsel was never advised that there was any policy or procedure of the OCPD to not document a use of force by its officers whether on or off duty. There is no OCPD procedure which require officers to not document a use of force when taking a person into protective custody under 43A O.S. §3-428.

According to the proposed Second Amended Complaint, Plaintiff complains of a (non-existing) policy not to document off-duty incidents. Plaintiff fails to advise the reader from where in the Constitution these rights come from.[1] In *Graham v. Connor*, 490 U.S. 386, 394 (1989), the Court stated:

> In addressing an excessive force claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force. See (*Baker v. McCollan*, 443 U.S. 137), *Id.*

---

[1] In *Wilson v. Meeks*, 52 F.3d 1247, 1255-6 (10th Cir. 1996), the Court stated:

> Plaintiffs also allege there was no investigation by the Haysville Police, by the District Attorney, and by the Kansas Bureau of Investigation. Plaintiffs offer no evidence of this assertion; indeed, the record contains KBI autopsy photographs and the written findings of the grand jury. Moreover, plaintiffs identify no constitutional right to demand that such an investigation be conducted.
> ...
> Even if defendants concealed such facts, to do so would not deprive plaintiffs of their right of access to courts.

See also *Wilson v. Meeks*, 98 F.3d 1247, 1255 (10th Cir. 1996).

7

at 140... ("The first inquiry in any § 1983 suit" is "to isolate the precise constitutional violation with which [the defendant] is charged). [footnote omitted].

Plaintiff has known this information since January 9, 2019, when Defendant City responded to Plaintiff's request for production asking for copies of any and all documents, including police reports….. which relate to the arrest of Michael Burke on April 4 or 5, 2017. Defendant City responded to this request by stating: "According to the CAD Report, the Plaintiff was not arrested on the night of this incident. He was taken into protective custody and transported to the Public Inebriate Alternative facility, aka Detox. See 43A O.S. §3-428. According to subparagraph (B)(3) of said statute, no report shall be made that the person was arrested or charged with a crime. Pursuant to OCPD Procedure 150.01, if an officer uses force off duty, the employee is supposed to advise an on-duty supervisor. There is no record of any such notification. See attached 911 Call, and CAD Report, Bates labeled OKC 0001-OKC 0006." See Exhibit 1.

Plaintiff has offered no explanation for his failure to seek an extension of the deadline to amend pleadings, and Plaintiff should have known that the City asserted reliance on the state law requiring that no report of arrest be made when taking a citizen to Detox since January 9, 2019, which is well before the April 6th deadline. This information regarding the state statute is certainly not new information to Plaintiff. It was given to Plaintiff by Defendant City on January 9, 2019. Thus, it is indisputable that Plaintiff knew the very factual information upon which Plaintiff has based his proposed new allegation against the City for violation of Plaintiff's civil rights for his allegation that the City's

policy or custom of encouraging officer to not document arrests (i.e. Plaintiff being taken into protective custody and transported to Detox), is a custom or practice which violates civil rights.

## C. Plaintiff's Attempted Amendment Would Be Futile.

Defendant City would still be entitled to Judgment because Plaintiff's allegation of Defendant City's § 1983 liability is conclusory, and Defendant City's reliance upon 43A O.S. §3-428, regarding the taking of a person into protective custody and taking them to the Public Inebriate Alternative facility, is justified. There is no civil rights violation by Defendant City for relying on the statute, specifically subparagraph (B)(3) of said statute, requiring that no report shall be made that the person was arrested or charged with a crime. Any policy or custom of Defendant City in reliance on state law is not a violation of civil rights, unless or until that statute is rescinded or ruled unconstitutional.

Defendant City is prejudiced by Plaintiff's latest motion. Plaintiff failed to timely amend his Complaint despite knowing the factual information of the reliance of Defendant City on Oklahoma state law since January 2019.

## CONCLUSION

Plaintiff offers nothing to explain why he failed to seek an extension of the deadline to amend pleadings, as set forth in the Court's Scheduling Order. The deadline to amend pleadings was April 6, 2019. Defendant City objects to Plaintiff's Motion to File Second Amended Complaint which requests permission to add a cause of action against Defendant City, for the following reasons: (1) this request is untimely pursuant to the Court's

9

Scheduling Order; (2) Plaintiff has not requested any extension of the April 6th deadline to file his motion to amend pleadings; (3) the City's reliance on state law requiring no arrest report be made when taking a citizen to Detox was known to Plaintiff since January 9, 2019 and is therefore not new information; (4) Plaintiff failed to comply with LCvR 15.1's mandatory requirement to state whether any party objects to the motion; (5) Plaintiff's proposed new cause of action against Defendant City would be futile, and (6) the amendment would be prejudicial to Defendant City. Plaintiff's Motion to File Second Amended Complaint to add a new cause of action against Defendant City should be denied.

Respectfully Submitted,

KENNETH JORDAN
Municipal Counselor

/s/ Richard C. Smith
Richard C. Smith, OBA #8397
Sherri R. Katz, OBA #14551
Katie Goff, OBA #32402
Assistant Municipal Counselors
200 North Walker, Suite 400
Oklahoma City, OK 73102
(405) 297-2451
rick.smith@okc.gov
sherri.katz@okc.gov
Attorneys for Defendant City

## CERTIFICATE OF SERVICE

I hereby certify that on the 6rd day of May, 2019, I electronically transmitted the attached Defendant City's Objection to Plaintiff's Motion to File Second Amended Complaint to the Clerk of Court using the ECF System for filing, and transmittal of a Notice of Electronic Filing to the following ECF registrant: Jerry L. Colclazier, jerry@colclazier.com, Attorney for Plaintiff Michael S. Burke.

/s/ Richard C. Smith
Assistant Municipal Counselor