# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL S. BURKE, | ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| | ) Case No. CIV-18-984-D |
| CITY OF OKLAHOMA CITY, *et al.*, | ) ) ) |
| Defendants. | ) ) |

## ORDER

This matter comes before the Court on Plaintiff's Motion to File Second Amended Complaint [Doc. No. 21]. Defendant City of Oklahoma City opposes the Motion, primarily because Plaintiff did not comply with LCvR15.1 but also on grounds of untimeliness, futility, and prejudice. In reply, Plaintiff admits his Motion does not comply with the local rule and is untimely with respect to adding a § 1983 claim against the City, but he asserts these errors were simply mistakes of counsel and asks that they be excused. Also, Plaintiff explains why he did not raise a claim of municipal liability sooner, and why the claim should be permitted to proceed. Upon consideration, the Court finds that the Motion should be granted.

Plaintiff's Motion is governed by the direction of Rule 15(a) that district courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "The purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" *Minter v. Prime Equip.*

*Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)). Thus, an amendment of pleadings should be permitted unless a sufficient reason exists to deny leave to amend. *See id.*; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (internal quotation omitted).

Notwithstanding the City's concerns, the Court finds no adequate reason to deny Plaintiff's request to amend his pleading. First, one purpose of the Second Amended Complaint is to name individual defendants who are identified in Plaintiff's existing pleading only as "John Does," and Plaintiff's Motion is timely with respect to the addition of parties. Second, although Plaintiff did not comply with the Scheduling Order deadline to add his § 1983 claim against the City, nor did he comply with LCvR15.1, the Court finds these mistakes are the sort of procedural niceties that should be excused under Rule 15(a). The City does not identify any prejudice to its defense that has resulted from Plaintiff's delay; all other deadlines set by the Scheduling Order are months away. No allegations of bad faith or dilatory motive are made. Finally, although the City makes a strong argument that Plaintiff's proposed Second Amended Complaint fails to state a plausible § 1983 claim against it, the Court believes a better assessment of the sufficiency of Plaintiff's pleading can be made after the amendment, upon the filing of a dispositive motion and full briefing of the issue.

IT IS THEREORE ORDERED that Plaintiff's Motion to File Second Amended Complaint [Doc. No. 21] is GRANTED. Plaintiff is authorized to file his proposed Second Amended Complaint [Doc. No. 21-1] within 7 days from the date of this Order.

IT IS SO ORDERED this 14th day of May, 2019.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE